THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. EDWARD V. RANDALL, PLAINTIFF IN ERROR.

Submitted December 6, 1920—Decided February 28, 1921.

1. In a criminal case it is proper for the trial judge in his charge to call attention to the defendant's interest in the result, and to instruct the jury that they should consider such interest in determining his credibility as a witness.
2. An instruction must be taken as an entirety—that is, each clause must be considered in connection with others of the series referring to the subject and connected therewith, and if when taken together they properly express the law as applicable to the particular case, no ground of complaint exists, even though a single clause, considered by itself, is inaccurate or incomplete.

3. In a criminal trial the jury should consider all of the relevant testimony, including that relating to the defendant's good character or reputation, and if, on such consideration, there exists reasonable doubt of his guilt, even though that doubt be engendered merely by his previous good repute, he is entitled to an acquittal; but if, from the entire evidence, including that relating to his good character, the jury believe the defendant guilty beyond a reasonable doubt, he should be convicted and the evidence of good character should not alter the verdict.

4. In a criminal trial it is always the right and often the duty of the judge to tell the jury how the testimony strikes his mind, both as to its force and as to the inferences he would draw from it. and such expressions in a charge will not lead to a reversal so long as the right and duty of the jury to decide for themselves all disputed questions of fact is pointed out in the charge.

5. In a criminal trial a remark made by the prosecutor of the pleas, stating as a fact a matter not in evidence, will not lead to a reversal when it appears that upon objection the trial judge immediately and in an unexceptionable manner ordered it stricken from the record and directed the jury to disregard it.

On writ of error to the Supreme Court.

For the plaintiff in error, *Fisk & Fisk* and *Robert Carey*.

For the defendant in error, *Pierre P. Garven*, prosecutor of the pleas, and *George T. Vickers*, assistant prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The defendant below was indicted in the Hudson County Quarter Sessions Court for private lewdness and carnal indecency, in violation of section 51 of the Crimes act, as amended by chapter 71 of *Pamph. L.* 1906, *p.* 101. He was convicted and sentenced, and upon writ of error the entire proceedings had upon trial were brought to the Supreme Court and the judgment was there affirmed. He now prosecutes this writ of error to the Supreme Court.

Upon careful consideration we are of the opinion that it does not appear from such record that the defendant suffered manifest wrong or injury or was prejudiced in maintaining his defence upon the merits.

No question was raised either in the trial court or in the Supreme Court as to the legal sufficiency of the indictment, and no such question is raised here. We proceed, therefore, to consider the several questions argued by the defendant.

We think it was proper for the trial judge in his charge to call attention to the defendant's interest in the result and to instruct the jury that they should consider such interest in determining his credibility as a witness.

We find no error in the judge's instruction, considered as a whole, respecting the consideration and effect to be given to the defendant's character evidence.

After directing attention to the evidence respecting the defendant's good repute for morality, his instruction was this:

"You are to take this evidence of the previous good character and reputation of the defendant and carefully consider it in connection with all of the other evidence in the case, giving all of the evidence such weight and credit as you believe it is entitled to, and if, upon such consideration, there exists in your minds a reasonable doubt of his guilt, even though it be engendered by his previous good character or reputation, you should give him the benefit of such reasonable doubt and acquit him."

The defendant does not complain of that as such and could not justly do so.

In the same connection the judge further charged:

"If you should be convinced by this [character evidence] that the defendant's reputation for morality, in the community in which he lives prior to the time of the alleged commission of the crime, was good, but in spite of that fact you are also convinced beyond a reasonable doubt from all the evidence in the case that he committed the crime as charged, it is your clear duty to convict."

But the defendant does not complain of that as such.

The trial judge, however, in the same connection further instructed the jury that—

"Evidence of previous good character or reputation, manifestly, ought not to prevail against a convincing belief that the defendant committed the crime as charged, if such belief

is established by evidence in the case beyond a reasonable doubt."

Now, the defendant points to the last clause of the foregoing series of instructions and says that "taken together with the other references of the court to the reputation testimony, this clearly conveyed to the jury the notion that they should consider the reputation testimony distinct and apart from the other testimony in the case, and if they should arrive at a conclusion of guilt on the consideration of the other testimony in the case, then they should give no consideration to the reputation testimony."

Of course, if that contention were well founded in fact, there would be merit in the defendant's complaint; but it is not well founded in fact. No doubt the last clause, if considered alone, might well be regarded as an incomplete and inaccurate statement of the legal rule. But the instruction upon this topic must be taken as an entirety—that is, each clause must be considered in connection with others of the series referring to the same subject and connected therewith, and if, when taken together, they properly express the law as applicable to the particular case, no just ground of complaint exists, even though a single clause, considered by itself, is inaccurate or incomplete. It is sometimes impossible or inconvenient to state all the law upon a particular head in one sentence, and a case will not be reversed merely because the whole of the law is not stated in one or more separate parts of the charge, if the instruction, taken as a whole, correctly stated the law.

Manifestly, when considered as a whole, the instruction was accurate and sufficient; for, concisely stated, in substance and effect, it was this: The jury should consider all of the relevant testimony, including that relating to the defendant's good character or reputation, and if, on such consideration, there exists reasonable doubt of his guilt, even though that doubt be engendered merely by his previous good repute, he is entitled to an acquittal; but if, from the entire evidence, including that relating to good character, the jury believe the

defendant guilty beyond a reasonable doubt, he should be convicted and the evidence of good character should not alter the verdict. And that was right. *Baker* v. *State,* 53 *N. J. L.* 45, and cases collected in 16 *C. J.* 981.

It will, of course, be noticed that the instant case is not one where the instructions are contradictory and conflicting— one erroneous and one correct, such as *State* v. *Erie Railroad Co.,* 84 *N. J. L.* 661, in which it is necessarily held that the erroneous instruction is not cured by a correct instruction also given upon the same point. The reason for that rule is, that where the instructions on a material point are contradictory, it is impossible for the jury to decide which should prevail, and it is equally impossible, after the verdict, to know that the jury was not influenced by that instruction, which was erroneous, as one or the other must necessarily be where the two are repugnant.

The defendant next contends that the judge used language which amounted to a direction of a verdict against the defendant.

It is, perhaps, sufficient to say that a careful examination of the charge shows this contention to be without any foundation in fact.

Most likely the real complaint is that the judge used language indicating the impression made upon his mind by the evidence. But that he had a right to do. It is always the right, and often the duty, of the judge to tell the jury how the testimony strikes his mind, both as to its force and as to the inferences he would draw from it, and such expressions in a charge will not lead to a reversal so long as the right and duty of the jury to decide for themselves all disputed questions of fact is pointed out in the charge (*State* v. *Hummer,* 73 *N. J. L.* 714; *State* v. *Lackawanna Railroad Co.,* 82 *Id.* 747; *State* v. *Seifert,* 86 *Id.* 706), and that the trial judge did in the instant case.

It is next argued that there should be a reversal because of a remark made by the prosecutor of the pleas during the examination of a witness. We think not.

We assume, without deciding, that the remark was improper in stating as a fact a matter not in evidence. But it appears that upon objection being made to it by the defendant, the trial judge immediately and in an unexceptionable manner ordered that the remark be stricken from the record and directed the jury to disregard it. In view of such action no cause for reversal is thus presented. *State* v. *Hernia*, 68 *N. J. L.* 299.

The remaining reasons for reversal are all based upon overruled questions put to the complaining witness. But the questions were all irrelevant and were therefore properly overruled.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 10.

*For reversal*—KALISCH, TAYLOR, ACKERSON, JJ. 3.